IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| **GORDON ROY PARKER,**<br><br>Plaintiff<br><br>v.<br><br>**JACQUELINE FAYE GOLDHAGEN,**<br><br>Defendant | **Case No: 15-cv-3304-TON** |

## ORDER

**AND NOW,** this ____ day of July, 2015, upon consideration of **Plaintiff's Motion To Disquailfy Defense Counsel,** It is hereby ORDERED that the motion is **granted.**

Defense counsel is hereby disqualified.

_____
J

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| GORDON ROY PARKER,<br><br>      Plaintiff<br><br>v.<br><br>JACQUELINE FAYE GOLDHAGEN,<br><br>      Defendant | Case No: 15-cv-3304-TON |

## PLAINTIFF'S MOTION TO DISQUALIFY DEFENSE COUNSEL

**Plaintiff** Gordon Roy Parker ("Plaintiff"), in the above-styled action, moves this Court to disqualify defense counsel due to the existence or appearance of a fatal conflict of interest. In support, he avers the following.

  1. Plaintiff is on SSDI, and currently has lawsuits pending under the Rehabilitation Act of 1973, and soon Title VII of the Civil Rights Act of 1964.

  2. Defense counsel is a partner in a center-city lawfirm which is a federal contractor, covered by the Rehabilitation Act of 1973, under which it is required to apply affirmative-action to Plaitniff's disabled worker-class.

  3. Defense has gone well beyond the scope of its role in representing its client, declaring most recently that Plaintiff was "physically and mentally unfit to enter into an ambitious business deal." (*3)

4. Unless defense counsel was comitting fraud upon the court, it and its firm holds the belief expressed in the pleading, one which would give rise to a lawsuit under the Rehabilitation Act if spoken elsewhere.

5. Additionally, defense counsel has acted in a highly threatening manner towards Plaintiff, threatening him in one phone call with "taking [his] shoes and computer,"

6. As a member of the *ticket to work* program, Plaintiff is fervently seeking employment which will lift him off the dole. He would begin working tomorrow at any firm like Defendant's, who has high-paying jobs for which Plaintiff is qualified.

7. Defense counsel is well aware of Plaintiff's employment situation, and is using its position in this litigation to attempt to bar Plaintiff from ever applying to work for his firm.

8. Plaintiff will be seeking relief via the EEOC for Defendant's remarks in its pleadings, under the belief that a) similar remarks have been made elsewhere; and b) the underlying animus which yielded the pleading remains long after the litigation. This too shall create a conflict of interest.

9. The resolution is simple: Plaintiff has no conflict with lawyers who are not federal contractors, or qualified subcontractors.

**PRAYER FOR RELIEF**

An Order disqualifying defense counsel and replacing him with an attorney who is not a federal contractor.

## MEMORANDUM

None necessary. This is decided on a case-by-case basis, with the underlying law well-known to all parties concerned. The appearance of a conflict is the same as an actual conflict, and the conflict/appearance in this case is self-evident.

This the 2nd day of July, 2015

 

Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA 19104
(267) 298-1257
SnodgrassPublish@aol.com
**PLAINTIFF**