## IN THE UNITED STATES COURT
## FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER,** | : | |
| Plaintiff | : | |
| v. | : | |
| **JACQUELINE FAYE GOLDHAGEN,** | : | **Case No:   15-cv-3304-TON** |
| Defendant | : | |

## ORDER

AND NOW, this ____ day of July, 2015, upon consideration of **Plaintiff's Motion To Strike,** It is hereby ORDERED that the motion is **granted.** Docket #3 is hereby stricken from the record.

_____
J.

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| GORDON ROY PARKER,<br><br>                      Plaintiff<br><br>v.<br><br>JACQUELINE FAYE GOLDHAGEN,<br><br>                      Defendant | Case No:   15-cv-3304-TON |

### PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

**Plaintiff** Gordon Roy Parker ("Plaintiff"), in the above-styled action, moves this Court for expedited discovery, made necessary by Defendant's filing of a Rule 11 motion for sanctions. In support, he avers the following:

    1.    Defendant has filed a Rule 11 motion for Sanctions (*3), seeking, upon dismissal this action (no motion to dismiss has been filed), an *inunction* [sic] against Plaintiff filing any lawsuit in this district without leave of the court.

    2.    During a telephone call on June 30, 2015, defense counsel informed Plaintiff that a third-party "organization" with global reach was funding this lawsuit ("after a certain point"), and that Plaintiff could expect to be sued numerous times "all over the world," at the direction of this organization.

    3.    Despite its allegations that Plaintiff is using the legal system to harass Defendant, who had previously expressed a desire to settle this case, along with Plaintiff (who would then break contact with her permanently), it is defense counsel who is using this lawsuit

for its own improper purposes of furthering a feminist agenda against a known political enemy, and immunizing its own firm against the possibility that the disabled Plaintiff might wind up employed there.

4. Plaintiff cannot effectively litigate without answers to the questions begged in the foregoing paragraphs, and requires immediate discovery into these issues to proceed.

## PRAYER FOR RELIEF

Plaintiff seeks an order authorizing limited discovery in the form of one set of interrogatories, one deposition, and five subpoenae. A memorandum and order are attached.

This the 2nd day of July, 2015

*[signature]*
Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA 19104
(267) 298-1257
SnodgrassPublish@aol.com
**PLAINTIFF**

2

## IN THE UNITED STATES COURT
## FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| **GORDON ROY PARKER,**<br><br>Plaintiff<br><br>v.<br><br>**JACQUELINE FAYE GOLDHAGEN,**<br><br>Defendant | Case No: 15-cv-3304-TON |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S
### MOTION FOR EXPEDITED DISCOVERY

Plaintiff Gordon Roy Parker ("Plaintiff"), in the above-styled action, submits this memorandum in support of the instant motion.

### I. BACKGROUND

Defense counsel, channeling *Judge Dredd*, wishes to function as judge, jury, and swift executioner, trying this case by Rule 11 motion. (*3) Plaintiff argues that this entitles him to equally swift, expedited discovery, particularly with regard to who is funding this lawsuit.

### II. LEGAL STANDARD

In Wiluna v. Does 1-150, the Third Circuit outlined the current state of precedent governing expedited discovery:

> "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The Federal Rules of Civil Procedure "offer little guidance as to when it is appropriate to authorize expedited and/or early discovery," and the Third Circuit Court of Appeals has not "adopted a standard for evaluating such requests[.]" See Kone Corp. v. Thyssenkrupp USA, Inc., No. 11-465, 2011 U.S. Dist. LEXIS 109518, at *9 (D. Del. Sept.

26, 2011). In the absence of controlling authority, courts within this circuit have employed two different standards for adjudicating requests for early discovery.

First, at least one court within this circuit has "appli[ed] the factors traditionally applied to a preliminary injunction" in order to determine the appropriateness of expedited discovery. See Gucci Am., Inc. v. Daffy's, Inc., No. 00-4463, 2000 U.S. Dist. LEXIS 16714, at *17 (D.N.J. Nov. 14, 2000). Under this approach, a court would determine whether to permit expedited discovery by considering the likelihood of success on the merits, whether a plaintiff will be exposed to irreparable injury, the harm to the defendant, and the public interest. See id. at *19. Applying this standard, the Gucci court denied a motion for expedited discovery. See id. at *27-28.

However, the prevailing approach on this issue is to decide a motion for expedited discovery based on a reasonableness standard, rather than a preliminary-injunction type standard. To remain abreast of the reasonableness standard, "the court must weigh the need for discovery at an early juncture in the litigation against the breadth of the discovery requests and the prejudice to the responding party[.]" Kone, 2011 U.S. Dist. LEXIS 109518, at *10-11. Courts applying the reasonableness standard may consider: (i) the timing and context of discovery requests; (ii) the scope and purpose of the requests; and (iii) the nature of the burden to the responding party. See id. at *11; Entm't Tech. Corp. v. Walt Disney Imagineering, No. 03-3546, 2003 U.S. Dist. LEXIS 19832, at *14 (E.D. Pa. Oct. 2, 2003) (considering "the totality of the circumstances" in applying the reasonableness standard).

### III. ARGUMENT

**A.   Defendant's Rule 11 Motion Necessitates Expedited Discovery.**

Defendant is attempting a "home run" with its Rule 11 motion, seeking to summarily have Plaintiff declared a vexatious litigant, his complaint frivolous, and the fight stopped prior to the opening bell.

1.   **Discovery into who is funding this lawsuit is essential.**  Plaintiff's response to the Rule 11 motion requires information which can be obtained only via the discovery process, including but not limited to the organization funding this lawsuit, its relation to Defendant and its counsel, and

2.   **Financial Discovery Is Required To Assess Sanctions.**

To determine costs, damages, and the relative wealth of the parties, Plaintiff needs to conduct financial discovery of Defendant. He also needs this discovery to refute

2

numerous claims in the Rule 11 motion, and would otherwise be prejudiced if denied this discovery.

    B.    **Full Early Discovery Is Warranted In This Case**.

With both parties moving at high speed, in search of a quick resolution, and already litigating on numerous fronts, there is no need to delay any discovery, especially since the evidence discovered is likely to be admissible and relevant, if not decisive.

### IV. CONCLUSION

For the reasons set forth hereinabove, the instant motion should be **granted**.

This the 2nd day of July, 2015

Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA 19104
(267) 298-1257
SnodgrassPublish@aol.com
PLAINTIFF