IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| **GORDON ROY PARKER,**<br><br>                 **Plaintiff**<br><br>v.<br><br>**JACQUELINE FAYE GOLDHAGEN,**<br><br>                 **Defendant** | **Case No:**    15-cv-3304-TON |

## ORDER

AND NOW, this ___ day of August, 2015, in consideration of **Defendant's Motion To Dismiss,** and all responsive pleadings thereto, the motion is DENIED.

 

_____
                                       J.

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| **GORDON ROY PARKER,**<br><br>Plaintiff<br><br>v.<br><br>**JACQUELINE FAYE GOLDHAGEN,**<br><br>Defendant | FILED<br>AUG 17 2015<br>MICHAEL E. KUNZ, Clerk<br>By _____ Dep. Clerk<br><br>Case No:  15-cv-3304-TON |

### PLAINTIFF'S MOTION TO PARTIALLY STRIKE MOTION TO DISMISS

Gordon Roy Parker, **Plaintiff** in the above-styled action, submits this Motion To Partially Strike Defendant's Motion To Dismiss Plaintiff's Amended Complaint, and in support thereof, avers the following:

### Background

1. On July 20, 2015, Defendant filed its Motion To Dismiss Plaintiff's Amended Complaint (Docket Entry #13).

2. The 12(b)(6) arguments in the motion (all of Section II-B) are premature, and should be struck from the motion, because requiring Plaintiff to respond to these arguments prior to the Court asserting personal jurisdiction over the Defendant (which **Defendant** chose to challenge) would place upon him an undue burden.

3. Defendant is seeking attorney fees in its pending Rule 11 Motion For Sanctions. In paragraph 31 of her motion to dismiss, she states that "this Court must also respect the costs and harassment Defendant has had to endure at the hands of Plaintiff." This respect should be extended to Plaintiff as well; defense counsel should not be permitted to attempt to "run up the

tab" with unnecessary or premature filings, as it already has before with its premature Rule 11 motion.

4. Defendant's motion to dismiss contains the following statements concerning Plaintiff:

   a) "Perhaps this [is] suit and Plaintiff's fantastic departure from reality is all the result of *delusions Plaintiff may be suffering due to his admitted bipolar disorder*." (FN5, p.6)

   b) "Plaintiff thus hid from the readers of the Yelp.com review that *by being bipolar*, to the point of being disabled for purposes of Social Security, *he probably fit the pattern* common for sufferers of bipolar disorder who are known in the medical literature to suffer from long-lasting hallucinations, and to have delusions of grandeur where they act as if they had credentials they actually lack." (FN6, p. 6)

   c) "Defendant linked her [RipoffReport] rebuttal to a website (link to ED page omitted) that *chronicled Plaintiff's many years of cyberstalking and bullying young women.* (¶ 20, p. 7)."

   d) "the [ED page] does discuss Plaintiff's sordid reputation and gives many details and links to evidence showing Plaintiff's history as a *known cyberbully and cyberstalker...*" (¶ 27(c), p. 15) (all emphasis added)

   e) "[Plaintiff] appears to be essentially an *unemployable*, insolvent ward of the government (who has Petitioned the Third Circuit for relief from paying filing fees)." (Memorandum, ¶ II(B)(2), p. 8).

5. The statements set forth in paragraph 4) above should be struck from the record because:

   a) The statement in 4(a) above 1) fails to meet the well-established <u>Daubert</u> standard for expert medical testimony; b) it is scandalous; c) prejudicial to Plaintiff, and d) Plaintiff has had no such "departure from reality."

   b) The statement in 4(b) above is a more egregious version of the violation in 4(a) above, with defense counsel injecting his unqualified medical opinions into his client's case. This is not surprising, however, given that Defendant has also made the false and misleading claim that she is a **<u>board certified hypnotist</u>**, as part of her RipoffReport rebuttal. Perhaps defense counsel will find a way to blame that action on Plaintiff as well.

   c-d) The statements in paragraph 4(c-d) above should be stricken because they are scandalous, prejudicial, *false*, and restate the very third-party, *hearsay* defamation over

2

which Plaintiff is suing. The original Complaint completely refuted these lies, yet here they are again. Plaintiff is not a "known cyberstalker and cyberbully," and defense counsel should know better than to rely on malicious internet hearsay.

   e. Defendant's statements in 4(e) above are scandalous, prejudicial, patently false, and beyond any boundary of human decency. Plaintiff submits this very pleading as proof of his capabilities as a freelance litigation-support specialist, and further avers a citywide conspiracy within the legal community to abuse process for the secondary purpose of disparaging Plaintiff in his trade, and the primary purpose of sustaining a twenty-year-old *blacklist* of Plaintiff from any job in a law office. This is why, in September, 2000, Plaintiff jumped at the chance to work for the Jones Law Firm, in Albany, Georgia, where he was simply downsized, and replaced by someone earning $7.00 an hour to his $500.00/week. The many pleadings and petitions Plaintiff had drafted and researched through his law-office work in Philadelphia were just fine with the courts.

   f. The statements presume facts not in evidence, instead relying on internet hearsay, as defense counsel has done already in its Rule 11 motion, noting defamation against Plaintiff as if it were a legitimate character reference.

   g, The statements attempt to litigate the facts and merits of the case, in procedural motions where all presumptions of fact favor the Plaintiff.

 WHEREFORE, the instant motion should be GRANTED. A Memorandum and form of Order are attached.

## REQUEST FOR EXPEDITED RULING

 The deadline for responding to the motion to dismiss is September 3, 2015. The deadline for a response to this motion is August 31, 2015, but the reply deadline is seven days later.

3

Plaintiff is waiving his reply and praying that this Court rules upon this motion no later than September 1, 2015, or stay the motion to dismiss pending the outcome of this motion. Otherwise, Plaintiff may just respond to the motion to dismiss on or before September 2, 2015.

This the 17th day of August, 2015

>                                    _____
>                                    Gordon Roy Parker, Pro Se
>                                    4247 Locust Street, #119
>                                    Philadelphia, PA 19104
>                                    (267) 298-1257
>                                    SnodgrassPublish@aol.com
>                                    **PLAINTIFF**

4

IN THE UNITED STATES COURT FOR THE
EASTERN DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| GORDON ROY PARKER,<br><br>Plaintiff<br><br>v.<br><br>JACQUELINE FAYE GOLDHAGEN,<br><br>Defendant | Case No: 15-cv-3304-TON |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PARTIALLY STRIKE DEFENDANT'S MOTION TO DISMISS

Plaintiff Gordon Roy Parker, in the above-styled action, submits this Memorandum of Law in support of his Motion To Partially Strike Defendant's Motion To Dismiss.



FILED
AUG 17 2015
MICHAEL E. KUNZ, Clerk
By_____ Dep.

# Memorandum Of Contents

Memorandum of Contents .................................................................................................................. ii
Memorandum of Points And Authorities ........................................................................................ iii

I.   BACKGROUND ..................................................................................................................... 1

II.  LEGAL STANDARD ............................................................................................................. 1

     A.   FEDERAL RULE 12 ..................................................................................................... 1
          1.   Federal Rule 12(b) ............................................................................................. 1
          2.   Waiver of Defenses Under Federal Rules 12(g-h) ........................................... 1
               a. Federal Rule 12(g) ..................................................................................... 2
               b. Federal Rule 12(h) ..................................................................................... 2
          3.   Federal Rule 12(f) .............................................................................................. 2

     B.   MOTIONS TO STRIKE ................................................................................................ 3

     C.   PREMATURE LITIGATION OF THE MERITS ........................................................ 3

     D.   WAIVER OF JURISDICTIONAL DEFENSES .......................................................... 3
          1.   General ............................................................................................................... 3
          2.   Waiver By Entry Of Appearance ...................................................................... 4
          3.   Waiver By Litigation Of The Merits ................................................................. 4
          4.   Waiver By Premature Rule 11 Motion .............................................................. 4

     E.   DECLARATORY JUDGMENT ACT JURISDICTION ............................................. 5

III. ARGUMENT ........................................................................................................................... 6

     A.   DEFENDANT'S RULE 12(b)(6) ARGUMENTS ARE PREMATURE ...................... 6

     B.   LITIGATING THE 12(b)(6) ARGUMENTS WOULD PLACE AN
          UNDUE BURDEN ON PLAINTIFF ............................................................................ 6
          1.   The Application Of DJA Jurisdiction Is Completely Discretionary ................. 7
          2.   The Outcome Of The Minimum-Contacts Arguments Are Uncertain ............. 7
               a. Contractual Arguments ............................................................................. 7
               b. Purposeful-Direction Arguments .............................................................. 7
               c. Litigating-The-Merits Arguments ............................................................. 8

     C.   DEFENDANT WILL NOT BE PREJUDICED ............................................................ 8

IV.  CONCLUSION ....................................................................................................................... 8

# Memorandum Of Points And Authorities

*denotes Supreme Court case

## Cases:

*Alea London Ltd. v. El Pailon, Inc.*, #05-4902, 2007 U.S. Dist. LEXIS 17736 (E.D. Pa. Mar. 13, 2007) .................... 5

*Allstate Ins. Co. v. Seelye*, 198 F. Supp.2d 629, 631-32 (W.D. Pa. 2002) .................... 5

*Bel-Ray Co. v. Chem-rite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999) .................... 3

**Brillhart v. Excess Ins. Co.*, 316 U.S. 491 .................... 6

*Days Inns Worldwide Inc. v. Patel*, 445 F.3d at 905 (2006) .................... 4

*Essex Ins. Co. v. Gilbert Weinberger, Inc.*, No. 07-180, 2007 U.S. Dist. LEXIS 7713 (M.D. Pa. Feb. 2, 2007) .................... 5

**Insurance Corp. Of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 704 .................... 4

*Gerber v. Riordan*, 649 F.3d 514 (6th Cir, 2011) .................... 4

*KDH Elec. Sys., Inc. v. Curtis Tech. Ltd.*, #08-2201, 2010 WL 1047807, at *4 (E.D.Pa., Mar. 19, 2010) .................... 3,4,5

*Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir.2010) .................... 4

*Munich Welding, Inc. v. Great Am. Ins. Co.*, 415 F. Supp.2d 571. (W.D. Pa. 2006) .................... 5

**Neirbo Co. v. Bethlehem Shipbuilders Corp.*, 308 U.S. 165, 167-68, (1939)) .................... 3,4

*North Penn Transfer, Inc. v. Victaulic Co. of Am.*, 859 F. Supp. 154, 158 (E.D. Pa. 1994) .................... 2,3

*Rinkenbach et al. v. State Auto Insurance Company*, (E.D.Pa. #07-cv-870 ((2007) .................... 5

*River Road Dev. Corp. v. Carlson Corp.*, No. 89-7037, 1990 WL 69085, at *5 (E.D. Pa., May 23, 1990)) .................... 2

*State Auto Ins. Cos. v. Summy*, 234 F.3d at 134 (3rd Cir. 2000) .................... 5

*Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664-65 (7th Cir. 1992) .................... 3

*The Hartford v. Keystone Auto. Operations*, No. 06-465, 2007 U.S. Dist. LEXIS 5818, at *6-8 (M.D. Pa. Jan. 29, 2007) .................... 5,6

*TES Franchising, LLC et al. v. Dombach et al.*, E.D.Pa #10-cv-0017 (2010) .................... 4,5

*In re. Tex. E. Transmission Corp.*, 15 F.3d 1230, 1236 (3d Cir. 1994)) .................... 3,4

*United States v. Consolidation Coal Co.*, #89-2124, 1991 WL 333694 at *1 (W.D. Pa., July 5, 1991)) .................... 3

*Wilson v. King et al.*, E.D.Pa. #06-cv-2608 (2006) .................... 2

*Wyrough & Loser, Inc. v. Pelmor Labs., Inc.*, 376 F.2d 543, 547 (3d Cir. 1967) .................... 3

**Wilton v. Seven Falls Co.*, 515 US 277 .................... 5

## Statutes And Regulations:

28 U.S.C. § 2201 (Declaratory Judgment Act) .................... 5,7

Federal Rule Of Civil Procedure 12 .................... 1
  Rule 12(b) .................... 1
  Rule 12(g-h) .................... 2
  Rule 12(f) .................... 2

Pa. Cons. Stat. §§ 1701-99.7 (Pennsylvania Motor Vehicle Financial Responsibility) .................... 4

## I. BACKGROUND

While imputing similar conduct on Plaintiff, it is **Defendant** who has **vexatiously** attempted to litigate the merits of a case in front of a Court it claims lacks personal jurisdiction over her, in a thinly-veiled attempt to "run up the tab" on attorney fees she hopes will be awarded to her. To avoid the undue burden the motion to dismiss has placed upon Plaintiff, Defendant's 12(b)(6) arguments in the motion should be stricken.

Additionally, Defendant has once again used the power of pleading for attempted character-assassination of Plaintiff, going so far as to make malicious, **medically unqualified** imputations regarding his current mental state and medical history. That is not surprising, given that Defendant has made false claims about her own alternative-medicine practice, calling herself a **board certified hypnotist** on her RipoffReport rebuttal.

## II. LEGAL STANDARD

### A. FEDERAL RULE 12.

#### 1. Federal Rule 12(b).

Federal Rule 12(b) states, in pertinent part:

> (b) *How to Present Defenses*. Every defense to a claim for relief in any pleading must be asserted in the responsive PLEADING if one is required. But a party may assert the following defenses by motion:
> (1) lack of subject-matter jurisdiction;
> (2) *lack of personal jurisdiction;*
> (3) improper venue;
> (4) insufficient process;
> (5) insufficient service of process;
> (6) *failure to state a claim* upon which relief can be granted; and

#### 2. Waiver of Defenses Under Federal Rules 12(g-h).

While 12(b)(2) defenses are waived if not included in the initial Rule 12 motion, Rule 12(b)(6) defenses are ***not***:

a.  **Federal Rule 12(g)**:

   (g) Joining Motions.

   (1) *Right to Join*. A motion under this rule may be joined with any other motion allowed by this rule.

   (2) *Limitation on Further Motions*. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

b.  **Federal Rule 12(h)**:

   (h) **Waiving and Preserving Certain Defenses.**

   (1) *When Some Are Waived*. A party waives any defense listed in Rule 12(b)(2)(5) by:

   (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or

   (B) failing to either (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

   (2) *When To Raise Others*. Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

   (A) in any pleading allowed or ordered under Rule 7(a);

   (B) by a motion under Rule 12(c); or (C) at trial.

   (3) *Lack of Subject-Matter Jurisdiction*. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

3.  **Federal Rule 12(f)**

Federal Rule 12(f) states:

(f) **Motion to Strike**. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

   (1) on its own; or

   (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

2

B.  **LEGAL STANDARD FOR MOTIONS TO STRIKE**

In <u>Wilson v. King et al.</u>, E.D.Pa. #06-cv-2608 (2006), the Court found that:

> Though the decision to grant a motion to strike under Rule 12(f) is within the court's discretion, motions to strike are "*not favored and usually will be <u>denied</u>* unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues." <u>N. Penn Transfer, Inc. v. Victaulic Co. of Am.</u>, 859 F. Supp. 154, 158 (E.D. Pa. 1994) (citing <u>River Road Dev. Corp. v. Carlson Corp.</u>, No. 89-7037, 1990 WL 69085, at *5 (E.D. Pa., May 23, 1990)). <u>See also</u> <u>Talbot v. Robert Matthews Distrib. Co.</u>, 961 F.2d 654, 664-65 (7th Cir. 1992). "Partly because of the practical difficulty of deciding cases without a factual record it is well established that striking a pleading should be sparingly used by courts. *It is a drastic remedy to be resorted to only when required for the purposes of justice.*" <u>N. Penn Transfer, Inc.</u>, 859 F. Supp. at 158 (citing <u>United States v. Consolidation Coal Co.</u>, no. 89-2124, 1991WL 333694 at *1 (W.D. Pa., July 5, 1991)). (Emphasis Added)

C.  **LEGAL STANDARD FOR PREMATURE LITIGATION OF THE MERITS**

The parties to litigation "should conserve judicial time and effort and *should raise and dispose of preliminary matters like personal jurisdiction <u>before</u>* the court considers the merits or quasimerits of a controversy." <u>Wyrough & Loser, Inc. v. Pelmor Labs., Inc.</u>, 376 F.2d 543, 547 (3d Cir. 1967).

D.  **LEGAL STANDARD FOR WAIVER OF JURISDICTIONAL DEFENSES**

1.  **General.**

"[Objection to p]ersonal jurisdiction is a right that may be waived." <u>Bel-Ray Co. v. Chem-rite (Pty) Ltd.</u>, 181 F.3d 435, 443 (3d Cir. 1999). A party is deemed to have consented to personal jurisdiction if the party actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum." <u>In re. Tex. E. Transmission Corp.</u>, 15 F.3d 1230, 1236 (3d Cir. 1994)). A personal jurisdiction defense may be "lost by failure to assert [it] seasonably, by formal submission in a cause, or by submission by conduct." <u>KDH Elec. Sys., Inc. v. Curtis Tech. Ltd.</u>, No. CIV.A. 08-2201, 2010 WL 1047807, at *4 (E.D.Pa., Mar. 19, 2010, quoting <u>Neirbo Co. v. Bethlehem Shipbuilders Corp.</u>, 308 U.S. 165, 167-68, (1939)).

2. **Waiver By Entry Of Appearance.**

Gerber v. Riordan, 649 F.3d 514 (6th Cir, 2011) addressed this issue head-on, and extensively:

> In deciding whether Defendants waived their personal jurisdiction defense, *we must determine whether any of Defendants' appearances and filings in the district court constituted "legal submission to the jurisdiction of the court."* Days Inns, 445 F.3d at 905. As an initial matter, we note that while "the voluntary use of certain [district] court procedures" serve as "constructive consent to the personal jurisdiction of the [district] court," Compagnie des Bauxites de Guinee, 456 U.S. at 704, 102 S.Ct. 2099, not all do. See Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A., 623 F.3d 440, 443 (7th Cir.2010). Only those submissions, appearances and filings that...*cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking* [result in waiver of a personal jurisdiction defense]. id at 443.
>
> *It is clear that Defendants' filing of a general appearance with the district court constituted a voluntary acceptance of the district court's jurisdiction,* and therefore, a waiver of Defendants' personal jurisdiction defense....Defendants' attorney's entry of a general appearance with the district court on behalf of Defendants on October 16, 2006 *constituted a waiver* of Defendants' personal jurisdiction defense. (All emphasis added).

3. **Waiver By Litigation Of The Merits.**

"A party is deemed to have consented to personal jurisdiction if the *party actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum.*" In re. Tex. E. Transmission Corp., 15 F.3d 1230, 1236 (3d Cir. 1994)). A personal jurisdiction defense may be "lost by failure to assert [it] seasonably, by formal submission in a cause, or by *submission by conduct.*" KDH Elec. Sys., Inc. v. Curtis Tech. Ltd., No. CIV.A. 08-2201, 2010 WL 1047807, at *4 (E.D.Pa., Mar. 19, 2010, quoting Neirbo Co. v. Bethlehem Shipbuilders Corp., 308 U.S. 165, 167-68, (1939)). (Emphasis Added).

4. **Waiver By Premature Rule 11 Motion.**

In TES Franchising, LLC et al. v. Dombach et al., E.D.Pa #10-cv-0017 (2010) that court explained:

> In a footnote on page 10 of his Memorandum of Law in Opposition to the Motion to Dismiss, Mr. Dombach argues that D&Y and Mr. Powell arguably waived their personal jurisdiction defense by (1) serving a Rule 11 motion that did not include an objection based on personal jurisdiction; and (2) filing a motion seeking an order from the Court granting leave to file a Rule 11 motion against defendants. The Rule 11 motion included a declaration of D&Y's CEO Karen Powell. *These actions were taken prior to the filing of the motion to dismiss based on lack of personal jurisdiction.*

4

> Arguably, by filing the ***Motion for Leave to File the Rule 11 Motion*** in this Court, D&Y and Mr. Powell waived their jurisdictional defense because they attempted to "actually litigate the underlying merits or demonstrate a willingness to engage in extensive litigation in the forum." KDH Elec. Sys., Inc., 2010 WL 1047807, at *4. This case would arguably not have been litigated any differently had D&Y and Mr. Powell first moved for dismissal before seeking leave to file a Rule 11 motion because this Court denied the Motion for Leave to File the Rule 11 Motion without prejudice pending decision on the instant Motion to Dismiss. Thus, we find that D&Y and Mr. Powell did not waive their right to assert the jurisdictional defense. (Emphasis added).

It is worth noting that in TES Franchising, the Rule 11 moving parties did not file an exhaustive Rule 12(b)(6) motion which almost certainly will convert to a Rule 56 motion, as has the Defendant in this action.

### E. **LEGAL STANDARD FOR DECLARATORY JUDGMENT ACT JURISDICTION**

Rinkenbach et al. v. State Auto Insurance Company, (E.D.Pa. #07-cv-870 ((2007) contained an extensive analysis of the unique jurisdictional issues, presented by DJA cases rooted in diversity of the parties:

> The federal Declaratory Judgment Act provides that districts *"may* declare the rights and other legal relations of any interested party seeking such declaration...". 28 U.S.C. § 2201 (emphasis added)...[I]n declaratory judgment actions *"Congress has afforded the federal courts a freedom not present in ordinary diversity suits to consider the state interest in having the state courts determine questions of state law."*
>
> [C]ourts should weigh the following considerations: "[a] general policy of restraint *when the same issues are pending in a state court*; [a]n inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; *[and a]voidance of duplicative litigation."* Summy, 234 F.3d at 134....*A [potential] plaintiff's objection to a district court's exercise of jurisdiction is an additional factor* in determining whether to decline jurisdiction. Munich Welding, Inc., 415 F. Supp.2d at 576, Nationwide Mut. Ins. Co. v. Yungwirth, No. 04-1681, 2005 U.S. Dist. LEXIS 28130, at *6 (W.D. Pa. Nov. 16, 2005). (all emphasis added).
>
> *It is well-settled that district courts should decline to exercise jurisdiction over a declaratory action where there is a pending parallel proceeding in state court.* Summy, 234 F.3d 131; Alea London Ltd. v. El Pailon, Inc., No. 05-4902, 2007 U.S. Dist. LEXIS 17736 (E.D. Pa. Mar. 13, 2007) (declining to exercise federal jurisdiction in declaratory action when there were two pending state court actions); Essex Ins. Co. v. Gilbert Weinberger, Inc., No. 07-180, 2007 U.S. Dist. LEXIS 7713 (M.D. Pa. Feb. 2, 2007) (dismissing declaratory action sua sponte where there was a pending state court case); Munich Welding, Inc., 415 F. Supp. 571 (dismissing federal declaratory judgment action when there was a related action pending in state court against the insurer). *Several courts have found federal jurisdiction improper even without a parallel state court case.* (all emphasis added).
>
> While Wilton and Summy counsel that a parallel state court proceeding is one factor in favor of declining to exercise jurisdiction in declaratory judgment actions, the lack of a related state court proceeding is not determinative, particularly when there is no federal interest in adjudicating the state law dispute. The Hartford v. Keystone Auto. Operations, No. 06-465, 2007 U.S. Dist. LEXIS 5818, at

5

> *6-8 (M.D. Pa. Jan. 29, 2007); Nationwide Mut. Ins. Co. v. Svitesic, No. 05-0369, 2005 U.S. Dist. LEXIS 28127, at *4-7 (W.D. Pa. Nov. 16, 2005); Yungwirth, 2005 U.S. Dist. LEXIS 28130, at *4-6; Allstate Ins. Co. v. Seelye, 198 F. Supp.2d 629, 631-32 (W.D. Pa. 2002). Even though there is no parallel state court proceeding in this case, the court has discretion to decline to exercise jurisdiction since there is no federal interest in this case. Defendant removed this dispute, which both parties concede focuses exclusively on a state statute, the Pennsylvania Motor Vehicle Financial Responsibility law, to federal court on the basis of diversity. The state law the court must apply to this dispute is well settled. The Hartford, 2007 U.S. Dist. LEXIS 5818, at *8 (noting that state law requirements to evaluate the validity of underinsured motorist rejection forms are well settled). Additionally, plaintiff objects to federal jurisdiction and has moved the court to remand the case. These factors give this court discretion to remand the case.
>
> IV. CONCLUSION *Even though there is not a parallel case pending in state court, there is no federal interest in this case* since it arises entirely under well-settled state law and the plaintiff objects to federal jurisdiction. Therefore, I will decline to exercise jurisdiction and remand the case to state court.

Rinkenbach clearly shows that a district court can rule pretty much any way it wishes when confronted with a DJA case based on diversity jurisdiction. Unlike Brillhart v. Excess Ins. Co., 316 U.S. 491, which is often cited as the leading case for jurisdiction under the Declaratory Judgment Act (DJA), and its progeny, in Rinkenbach, as in the instant action, no parallel state-law action was pending.

## III. ARGUMENT

Legal precedent strongly in favor of granting the instant motion.

### A. DEFENDANT'S RULE 12(b)(6) ARGUMENTS ARE PREMATURE

Defendant moves for dismissal of this action, *with prejudice*, under Federal Rules 12(b)(2), for lack of personal jurisdiction, and 12(b)(6), for failure to state a claim for relief. (Memorandum, ¶¶ II(B)(1-5), pp. 7-17). The 12(b)(6) arguments are unquestionably premature, since Defendant has challenged this Court's personal jurisdiction, which, if successful, would make those arguments moot, as the Court would lack jurisdiction to rule upon them.

### B. LITIGATING THE 12(b)(6) ARGUMENTS WOULD PLACE AN UNDUE BURDEN ON PLAINTIFF.

In light of the massive uncertainty surrounding whether or not this Court has personal jurisdiction over the Defendant, the likelihood of an undue burden being placed on Plaintiff, if he

6

is forced to litigate a hypothetical 12(b)(6) motion, justifies striking those arguments without prejudice, and with leave to amend the pleading, if necessary.

1. **The Application Of DJA Jurisdiction Is Completely Discretionary.**

While jurisdictional issues are always touch-and-go, as ¶ II(E) demonstrates, ***no matter how this court interprets the DJA or the facts,*** whether or not this Court elects to hear this case is so up in the air that judicial economy demands that the 12(b)(6) issues not be raised until the 12(b)(2) issues are resolved. The Court could 1) exercise personal jurisdiction over the Defendant and agree to hear this case; 2) exercise personal jurisdiction over the Defendant, but remand the case to Pennsylvania state court; or 3) decline to exercise personal jurisdiction, dismiss it without prejudice, and require Plaintiff to refile it in California or Nevada, Defendant's "home courts." The case law surrounding this issue is surprisingly rich and divided.

2. **The Outcome Of The Minimum-Contacts Arguments Are Uncertain.**

Unlike the DJA, a favorable ruling for Plaintiff on these issues automatically confers jurisdiction, but by no means are his long-arm arguments a slam-dunk:

   a. **Contractual Arguments.**

   This court may (or may not) base long-arm jurisdiction on the existence of a contract between the parties, which itself is also in dispute.

   b. **Purposeful-Direction Arguments (Libel)**

   Plaintiff has claimed long-arm jurisdiction over Defendant based on the alleged Defamation in Counts Four and Five of the Amended Complaint specifically targeting Pennsylvania residents. This, along with his constitutional challenge to Section 230, is a "longshot" argument, though Plaintiff still considers it valid. If denied, however, that would point towards making the 12(b)(6) arguments moot (in this jurisdiction).

7

    c.   **Litigating-The-Merits Arguments**.

By far, Plaintiff's strongest arguments in favor of jurisdiction relate to Defendant's attempt to extensively litigate this case "without litigating this case," using backdoor techniques like its premature Rule 11 motion, its entry of appearance by counsel, or its attempt to dispute issues of fact in a Rule 12/50/56 motion. None of this is necessary in front of a Court with no jurisdiction, and it is possible that, through her conduct, Defendant may have voluntarily waived her jurisdictional objection.

The uncertainty of the outcome of Defendant's jurisdictional objections caused by the broad discretion given district courts under the DJA is exacerbated by the case-by-case, discretionary nature of litigating-the-merits findings.

## C. DEFENDANT WILL NOT BE PREJUDICED

To the contrary: Defendant is *more* likely to be prejudiced if this motion is *not* granted, since the presence of her Rule 12(b)(6) motion on the docket could easily defeat her jurisdictional objections via the litigation-on-the-merits doctrine, leaving her having to litigate fully in Pennsylvania. Such a terrible outcome, caused by this type of mistake by her attorney, in light of his general conduct throughout this lawsuit, puts *Plaintiff* at risk of being prejudiced by winning this case, only to have it overturned by an ineffective-counsel argument.

## IV. CONCLUSION

For the reasons set forth hereinabove, the instant motion should be **granted**. The statements in controversy in the Memorandum, and all of ¶ II(B), and its subsections, should be stricken from the record. Alternatively, the entire motion should be struck, with Defendant given timely leave to amend to cure the defect, and any necessary extension of time to avoid default, as Third-Circuit precedent strongly favors adjudication on the merits.

8

Plaintiff should finally add that, in the event that this Court, acting *sua sponte*, were to dismiss the 12(b)(2) motion based on a finding that Defendant has waived jurisdictional objections by litigating the merits, neither this Court nor Defendant should hold their breath waiting for Plaintiff to file for reconsideration or appeal.

This the 17th day of August, 2015.

_____
Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA 19104
(267) 298-1257
SnodgrassPublish@aol.com
**PLAINTIFF**

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GORDON ROY PARKER,<br><br>　　　　　　Plaintiff<br><br>v.<br><br>JACQUELINE FAYE GOLDHAGEN,<br><br>　　　　　　Defendant | Case No:   15-cv-3304-TON |

### CERTIFICATE OF SERVICE

I, Gordon Roy Parker, Plaintiff in the above-styled action, hereby certify that I have served, by **regular mail and e-mail**, a true and correct copy of **Plaintiff's Motion To Partially Strike Defendant's Motion To Dismiss** on defense counsel of record as follows:

Gary Green, Esq.
Sidkoff Pincus & Green
1100 Market, 27th Floor
Philadelphia, PA  19107-3601
gg@greatlawyers.com

This the 17th day of August, 2015.

FILED
AUG 17 2015
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA 19104
(267) 298-1257
SnodgrassPublish@aol.com
**PLAINTIFF**