LAW OFFICES

## Sidkoff, Pincus & Green

A PROFESSIONAL CORPORATION

2700 ARAMARK TOWER
1101 MARKET STREET • PHILADELPHIA, PA 19107

Telephone (215) 574-0600     Telefax (215) 574-0310

September 16, 2015

GARY GREEN
gg@greatlawyers.com

The Honorable Thomas N. O'Neill
4007 U. S. Courthouse
601 Market Street
Philadelphia, PA  19106-1797

Re:  **Parker v. Holland, Civil Action No. 15-3304**

Dear Judge O'Neill:

Defendant cannot oppose Plaintiff's voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) because Plaintiff meets the standards of the Rule. However, this should not end the Court's involvement; there still remains outstanding the issue of Defendant's Motion for Rule 11 Sanctions.

Under normal circumstances, I might advise my client to accept the dismissal as a victory and to walk away from the case graciously. However, there are many reasons why that advice is not apt here.  A short list includes the following:

(1)  Rule 41, and the proposed order submitted by Plaintiff results in this case being dismissed "without prejudice."  Plaintiff could therefore refile his Complaint, or one like it, at any time.

(2)  Plaintiff professes to be a "ranked"[1] chess player and has demonstrated that he sees his *pro se* lawsuits as another form of chess challenge.  A chess player might use a dismissal of his Complaint without prejudice where a Rule 11 motion is pending as a strategic move to refile, and thereby escape the sanctions of Rule 11.

(3)  Plaintiff has stated in his letter to the Court dated September 14, 2015, that he had intended to file a motion to recuse Your Honor, and have the case transferred to Chief Judge Petrece B. Tucker, with whom Plaintiff apparently believes he has some rapport.  In other words, Plaintiff already signaled his desire to do forum shopping.  Indeed, Plaintiff sent me an email in which he requested that I concur in a recusal of Your Honor based on grounds which I felt were insulting to Your Honor, and I immediately rejected having any part of it.  Perhaps Plaintiff, the

---

[1] In Plaintiff's Sur Reply to Defendant's Rule 11 Motion, Plaintiff wrote that "He built on his privilege by developing himself into a fascinating, 'international chessplayer'...". (ECF Docket No. 25).

*Sidkoff, Pincus & Green, P.C.*

The Honorable Thomas N. O'Neill
September 16, 2015
Page 2

chess player, believes he could achieve the same result as a recusal and transfer by the dismissal without prejudice with a refiling.[2]

(4)   The Rule 11 Motion was filed because Plaintiff obviously was not interested in obtaining judicial relief from any legitimate claim since he pled none. Instead, Plaintiff wanted the imprimatur of a Federal Court proceeding to legitimize his cyber-stalking and harassment of Defendant on the Internet. As recently as a few days ago, Plaintiff continued his practice of writing negative, insulting and shaming statements about Defendant on numerous websites that he created himself, or that mentioned Defendant on the Internet. In these postings, Plaintiff informs his readers that he is suing Defendant and offers a link to a website he established where one could read his allegations in the Complaint. As further noted in the Rule 11 Motion, Plaintiff has repeatedly referenced his Complaint and linked to it on high traffic consumer websites such as yelp.com and ripoff.com which, although designed for consumers, and Plaintiff was never a customer of Defendant, Plaintiff uses the link to associate himself with Defendant by referencing the Complaint.

(5)   Plaintiff's own postings and statements, as well as his admissions in pleadings and motions, provide ample evidence base for the Court to decide the outstanding Rule 11 Motion for Sanctions.

Accordingly, while Defendant welcomes the dismissal of the case, she urges Your Honor to adjudicate the Rule 11 Motion because she fears that Plaintiff may have filed the voluntary dismissal solely to avoid facing the issues raised in the Rule 11 Motion.

Respectfully,

GARY GREEN

GG/brd
Enclosure
cc:   Gordon Roy Parker (w/encl.)

---

[2] *See* September 10, 2015 email from Plaintiff to Defendant's Counsel seeking concurrence for Judge O'Neill's recusal attached hereto as Exhibit "A".

# EXHIBIT "A"



Gary Green
1101 Market Street, 2700 ARAMARK Twr.
Philadelphia, Pennsylvania 19107
Philadelphia Office:    215 574 0600
Penn Valley Pa. Office:    610 664 4456
Cell Phone:            267 991 4220
*gg@greatlawyers.com*

~ But ol'man river,
He jes keeps rollin'along. ~
._____



www.greatlawyers.com

monster:2-off

**From:** Gary Green
**Sent:** Thursday, September 10, 2015 5:06 PM
**To:** BettorOffSingle@aol.com
**Cc:** ggreen <ggreen@focusers.com>; Gary Green <gg@GreatLawyers.com>
**Subject:** # 95.01 Parker - RE: Seeking Concurrence (Motion For Recusal of Judge)

No, I do not concur in your motion to recuse the judge.

1

Gary Green
1101 Market Street, 2700 ARAMARK Twr.
Philadelphia, Pennsylvania 19107
Philadelphia Office:   215 574 0600
Penn Valley Pa. Office:   610 664 4456
Cell Phone:               267 991 4220
*gg@greatlawyers.com*

~ But ol'man river,
He jes keeps rollin'along. ~

._____



www.greatlawyers.com

monster:2-off


**From:** BettorOffSingle@aol.com [mailto:BettorOffSingle@aol.com]
**Sent:** Thursday, September 10, 2015 10:41 AM
**To:** Gary Green <gg@GreatLawyers.com>
**Subject:** Seeking Concurrence (Motion For Recusal of Judge)

Counselor,

I am seeking concurrence regarding a motion I intend to file next week to have Judge O'Neill recused from the case on the following grounds:

1.  He is a graduate of the UPenn law school, which creates an appearance of conflict of interest since his rulings in this case will impact my impending Title VII litigation, and RICO litigation which also involves the University of Pennsylvania.

2.  He is eighty-seven years old. Just as you have noted that which is "common to bipolar disorder," a great deal is common to advanced age, relating to one's ability to perform their duties as a judge. Most states and localities have mandatory-retirement ages but the federal system does not. As this has mushroomed into complex civil litigation, and since the judge has taken "senior" status within the district, his reduced capacity creates the strong impression that his abilities to properly adjudicate this matter will be impaired. Already, he has let several motions "pile up," and his general procedures indicate a strong bias towards reducing his workload rather than properly adjudicating lawsuits.

2

3. As this case will now impact Title VII cases involving me and UPenn, the local rules demand that this case be transferred to Judge Petrece B. Tucker (who replaced O'Neill's seat on the bench (as a fulltime judge). Further, as a graduate of Temple University Law School, there is no conflict involving UPenn. Judge Brody had recused herself from my second lawsuit against UPenn.
As the above indicates, the reasons for recusal are compelling, and Defendant should not oppose this motion.

Sincerely,
Gordon Roy Parker, Pro Se

p.s. -- I have sent a letter to Judge O'Neill in chambers today on which you will be copied later. In the letter, I am claiming that your e-mail to me about StripperWeb witnesses was a Rule 26(f) witness disclosure which further litigated the merits (there was no need to mention witnesses at this point of the litigation).

p.p.s. -- I find your claim that no one in your firm knows of my name, even now, to be incredulous. I've already recognized one attorney from your firm as someone I have dealt with in the past, plus your own "diligence" made you aware of my Title VII activity well before you ever filed a pleading. Further, your CLIENT was more than aware of my protected activity, as evidenced by her reading of the ED page, itself a form of retaliation which sprang from my protected Title VII activity in the 1990s. Finally, your very last threat was directly retaliatory and clearly meets the "but for" standard.

3