# IN THE UNITED STATES COURT
## FOR THE EASTERN DISTRICT OF PENNSYVLANIA

|  |  |
|---|---|
| **GORDON ROY PARKER,** | |
| **Plaintiff** | |
| **v.** | |
| **JACQUELINE FAYE GOLDHAGEN,** | **Case No:  15-cv-3304-TON** |
| **Defendant** | |

## ORDER

AND NOW, this ___ day of August, 2015, in consideration of Plaintiff's Motion For Leave To Conduct Rule 11 Discovery, the motion is GRANTED.  Discovery shall be completed within forty-five (45) days.

SO ORDERED.

_____
**J.**

## IN THE UNITED STATES COURT
## FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER,** | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| **JACQUELINE FAYE GOLDHAGEN,** | : | Case No:   15-cv-3304-TON |
| Defendant | : | |
| | : | |

### PLAINTIFF'S MOTION FOR RULE 11 DISCOVERY

Gordon Roy Parker, **Plaintiff** in the above-styled action, asks this Court for leave to conduct discovery related to Defendant's pending Rule 11 Motion For Sanctions.  In support thereto, he submits the following:

1.     On September15, 2015, Plaintiff filed a Notice Of Dismissal, terminating this case, with the exception of the pending Rule 11 motion.[1]

2.     Termination of the instant case has clarified the Rule 11 issues, but it has also denied the motion the discovery it would otherwise have enjoyed, either directly, via scheduling order, or indirectly, via general discovery in the case.

3.     Though the case is now dismissed without prejudice (pending judicial approval, of course), its underlying merits have been called into controversy via the "backdoor" Rule 11 motion, itself a Rule 11 violation, as it has no basis in fact or law, and was filed for the primary improper purpose of attempting "trial by Rule 11," and for the secondary improper purpose of

---

[1] It is well-established that Rule 11 motions survive a Rule 41(a) voluntary dismissal, though by no means should the pending motion in this case be granted.

"tarring and feathering" Plaintiff with the same defamation which gave rise to Counts Four and Five.

4.    Without this discovery – attached as Exhibit A and incorporated by reference as if fully stated verbatim herein – Plaintiff will be permanently prejudiced, in the event of an adverse ruling.

5.    Alternative to the discovery, Plaintiff will consider Defendant submitting the evidence in the form of affidavits, or anything admissible.

WHEREFORE, for the reasons set forth hereinabove, the instant motion should be **granted**. An appropriate form of Order is attached.

This the 21st day of September, 2015

_signature_

Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA 19104
(267) 298-1257
SnodgrassPublish@aol.com
**PLAINTIFF**

## IN THE UNITED STATES COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| **JACQUELINE FAYE GOLDHAGEN,** | : | **Case No:  15-cv-3304-TON** |
| **Defendant** | : | |

### MEMORANDUM IN SUPPORT OF MOTION FOR RULE 11 DISCOVERY

Gordon Roy Parker, **Plaintiff** in the above-styled action, submits this Memorandum of Law in support of the above-referenced motion.

### Background

With a simple, four-page filing, Plaintiff has reduced this case from a stew of premature, unnecessary, and ridiculous pleadings[2]to a simplified pile of evidence and admissions, ripe for refiling, once the loose end of the Rule 11 motion is tied up.  Though ostensibly not dispositive, a proper ruling on the Rule 11 motion will yield *dicta* that can be used in support of or against a refilled case.

Plaintiff filed his Notice of Dismissal not to forum shop, or for any improper purpose, but for the same reason an NFL quarterback will use a timeout late in the game (even spiking the ball to give up a down), to reset his offense and call a proper play, rather than unnecessarily rush.  In this litigation, the enormous legal fees about which Defendant is complaining *might* be replaced

---

[2] Defendant's, of course.

by a much more economical refiling, most likely in Nevada, as much of a "neutral court" for the parties as can be found.

Between the numerous pleadings and amendments, Plaintiff's repeated hospitalizations in July, 2015, voluminous new evidence, and the need to reduce *Defendant's* legal bills, the Notice of Dismissal was proper. The Rule 11 motion is but a sideline which Plaintiff believes should be denied, but because it is indirectly dispositive relative to refiling, the attached discovery is warranted.

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 26(d)(1)

The above rule states that parties "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

### B.    Conclusory Statements In Dispositive Motions

The situation of a party attempting to prevail on a Rule 11 motion, without supporting evidence, and in a case dismissed without prejudiced, is rare. This is the closest Plaintiff could find, given his paralegal limitations:

> "A party's uncorroborated self-serving testimony cannot prevent summary judgment, particularly if the overwhelming documentary evidence supports the opposite scenario." Vinewood Capital LLC v. Dar Al-Maal Al-Islami Trust, 2013 WL 5530539 (5th Cir. Oct. 8, 2013).

## III.  ARGUMENT

### A.  PLAINTIFF'S NOTICE OF PRESERVATION OF ALL ARGUMENTS

In the interest of judicial economy, Plaintiff is preserving all of his other arguments not set forth in this motion for any motion for reconsideration, and/or appeal, should the need arise.  He believes the need for Rule 11 discovery is obvious, unless this Court simply denies the motion.  It should be noted that, had Plaintiff wished for intrusive discovery, he was entitled to jurisdictional discovery, and passed.[3]

### B.  PLAINTIFF IS ENTITLED TO RULE 11 DISCOVERY

#### 1.  Plaintiff Has Due Process Under The Fourteenth Amendment.

The Due Process Clause of the Fourteenth Amendment of the United States Constitution states that "no person shall be deprived of life, liberty, or property *without due process of law*."  Words like *affidavits*, *evidentiary support*, *witnesses*, and *testimony* come to mind, yet cannot be found anywhere in Defendant's conclusory tsunami.

#### 2.  The Evidence Sought Should Have Been Offered In Support Of The Motion.

Defendant has made several claims about herself, her finances, her business, and her reputation, all of which are completely unsupported by evidence.  She has also claimed numerous victims of Plaintiff's, yet has not presented a single name for cross-examination.  Trial-by-ambush is not allowed under the Rules, and Plaintiff has gone out of his way to provide a platform for Defendant to proceed with her threatened libel action; instead, she has refused to simply counterclaim, has allowed the case to be dismissed without prejudice, and now wants sanctions, but for what?

---

[3] Defendant has offered, by specific e-mail solicitation, to train a man in Pennsylvania (not Plaintiff) to become a "board certified hypnotist."

**3.    Alternatively, Defendant's Rule 11 Motion Should Be Denied For Lack Of Evidentiary Support.**

With no evidentiary support for the Rule 11 motion, it should be denied.

## IV.  CONCLUSION

For the reasons set forth hereinabove, the instant motion should be **granted**.  Alternatively, the Rule 11 motion should be **denied**, and this motion **denied as moot**.

This the 21st day of September, 2015

Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA 19104
(267) 298-1257
SnodgrassPublish@aol.com
**PLAINTIFF**

4

**EXHIBIT A**
**DRAFT  PLEADING**

## IN THE UNITED STATES COURT
## FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **JACQUELINE FAYE GOLDHAGEN,** | : | **Case No:  15-cv-3304-TON** |
| | : | |
| **Defendant** | : | |
| | : | |
| | : | |
| | : | |

## PLAINTIFF'S RULE 11 DISCOVERY

**Plaintiff** Gordon Roy Parker, in the above-styled action, hereby serves this consolidated Rule 11 discovery request upon Defendant, including a single set each of interrogatories, request for production of documents, and request for admissions.

## I.    RULE 11 INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, Plaintiff hereby submits the following Interrogatories to Defendant. Plaintiff requests that Defendant serve its answers, in writing and under oath, to Plaintiff, within 30 days of service of these Interrogatories.

### A.    DEFINITIONS

As used in these Interrogatories:

1.    "Agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

2.    "Any" means one or more.

3.    "Communication" means any disclosure, transfer, or exchange of information or opinion, however made, regardless of its apparent significance.

4.    The phrase "describe [or "explain"] in detail" as used in these interrogatories includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to (as that phrase is defined below) the subject matter of a specific interrogatory.

5. "Document" means any written, recorded, or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control. The term includes agreements; contracts; letters; telegrams; inter-office communications; memoranda; reports; records; instructions; specifications; notes; notebooks; scrapbooks; diaries; plans; drawings; sketches; blueprints; diagrams; photographs; photocopies; charts; graphs; descriptions; drafts, whether or not they resulted in a final document; minutes of meetings, conferences, and telephone or other conversations or communications; invoices; purchase orders; bills of lading; recordings; published or unpublished speeches or articles; publications; transcripts of telephone conversations; phone mail; electronic-mail; ledgers; financial statements; microfilm; microfiche; tape or disc recordings; and computer print-outs.

6.    The term "document" also includes electronically stored data from which information can be obtained either directly or by translation through detection devices or readers; any such document is to be produced in a reasonably legible and usable form. The term "document" includes all drafts of a document and all copies that differ in any respect from the

original, including any notation, underlining, marking, or information not on the original. The term also includes information stored in, or accessible through, computer or other information retrieval systems (including any computer archives or back-up systems), together with instructions and all other materials necessary to use or interpret such data compilations.

7.    Without limitation on the term "control" as used in the preceding paragraph, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person.

8.    "Relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

9.    "Relevant time period" means the time period stated in each interrogatory.

10.    "You," "your" or "your company" means Defendant Jacqueline Faye Holland, and/or any entity within which she conducts business.

11.    The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following interrogatories all information or documents that would be excluded absent this definition.

12.    "Hypnosis" refers not just to the performance of therapeutic or stage hypnosis, but of any related alternative-medicine or spiritual techniques, including but not limited to: NLP, timeline therapy, past-life regression, or any other service offered in the course of Defendant's hypnosis business.

13.    "Synergy" shall mean Synergy Hypnosis & Life Coaching.

## B. **INSTRUCTIONS**

1.    Unless otherwise specified, these interrogatories are limited to the time period from January 1, 2011, to and including the date of service of these interrogatories.

2.    Unless otherwise specified, the information called for by these interrogatories is limited in scope to information relating to Defendant's claims in her Rule 11 Motion for Sanctions in this lawsuit.

3.    Where knowledge, information, or documents are requested, such request encompasses knowledge, information or documents in your possession, custody or control, or in the possession, custody or control of your staff, agents, employees, representatives and, unless privileged, attorneys, or any other person who has possession, custody or control of your proprietary knowledge, information or documents.

4.    Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to amend any answer to these interrogatories for which you learn that the answer is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

5.    For any interrogatory or part of an interrogatory which you refuse to answer under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the nature of the information withheld; specify the grounds of the claimed privilege and the paragraph of these interrogatories to which the information is responsive; and identify each person to whom the information, or any part thereof, has been disclosed.

6.    Answer each interrogatory fully. If you object to any interrogatory, state the reasons for objection and answer to the extent the interrogatory is not objectionable. If you are

unable to answer an interrogatory fully, submit as much information as is available, explain why your answer is incomplete, and identify or describe all other sources of more complete or accurate information.

7.    For any record or document responsive or relating to these interrogatories which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document.

8.    No agreement, understanding, or stipulation by the Department of Justice or any of its representatives purporting to modify, limit, or otherwise vary these interrogatories shall be valid or binding on the Department of Justice unless confirmed or acknowledged in writing (or made of record in open court) by a duly authorized representative thereof.

### C.    **INTERROGATORIES**

1.    List all individual, business, or other entity names under which you have conducted business as a hypnotist (or alternative-medicine practitioner), within the past ten years.  Include full legal name of business, state of business registration, EIN, and any state and local license or account numbers required to conduct business in that jurisdiction.

2.    List the full legal name(s) of any business(es) currently operated by you, or registered in your name.  Specify full legal name of business, location, nature of business, and annual revenue.

3.    List all events at which you have performed as a stage hypnotist within the past five years.  Include name of venue and business, title of show, nature of show, audience, and compensation for performing.

4.    List the name of all corporations, individuals, or other entities who have provided you with any certification or training in hypnosis or fields relating to hypnosis, hypnotherapy, and stage hypnosis.  Include full legal name of entity, nature of training and/or coursework, dates of training, amount paid for training, and any diplomas, certificates, or other credentials received upon completion.

5.    Explain precisely what you mean when you refer to yourself as a "board certified hypnotist."

6.    Please list the name, or internet alias, of everyone with whom you have discussed Plaintiff (excepting any privileged communications with your attorney), the time, date, location, and nature of the discussion, as well as who initiated the discussion, and for what purpose.

7.    Please explain how you located the Encyclopedia Dramatica page referenced in the Amended Complaint, concerning Plaintiff, and why you chose to link to the site on your post to ripoffreport.com.

8.    Please list the name of all third parties who have provided you with financial assistance for the purpose of defending this lawsuit, including but not limited to directly subsidizing its cost.

9.    For the past three calendar years, list your total income, itemized by source, and describe the nature of the work performed, for whom (entity name and address), and the total compensation received for each work project.  For business clients, e.g., hypnosis, provide aggregated totals and the number of clients, as well as any data you retain regarding your client demographics.

10. List all financial damages you claim are attributable to Plaintiff's conduct governed by your pending Rule 11 motion. Provide evidentiary support for any conclusory statements.

11. Describe what you meant when you said, in an e-mail to Plaintiff, words to the effect that you wanted to become "the best hypnotist in the world," and your claim that you can "do things with energy work [that others cannot]." (speaks to replacement value and motivation for suing)

12. Explain, in detail, your understanding of the litigation you threatened to commence against Plaintiff at the time you communicated it to him on June 7, 2015, and whether or not you relied solely on your attorneys' communications with you as their client to form your belief. Further explain why you stated, in a Facebook posting on or around September 3, 2015, at 10:43 p.m. EDT, that this case was being dismissed.

13. Explain, in detail, the exact nature of your claimed financial harm to which you attribute Plaintiff's conduct.

14. Explain, in detail, why you believe Plaintiff has filed this lawsuit for an improper purpose.

15. Explain, in detail, where, if not Pennsylvania, you intended to file, or considered filing, the libel action with which you threatened Plaintiff by e-mail on June 7, 2015.

16. Explain, in detail, your participation in a) any "fetish" events and b) any hypnosis events sponsored or otherwise organized by the *Girls & Corpses* Magazine.

17. Explain, in detail, how you met and wound up working with "renowned hypnotist" Joel Silver, and how your interest in hypnosis developed.

18. Explain, in detail, your familiarity (if any) with the "hypnofetish."

19. Explain, in detail, the extent to which your hypnosis marketing is deliberately sexualized, i.e., relies on your physical body, voice, demeanor, words, and conduct to target a male audience.

20. Explain, in detail, your belief on whether or not it is possible to break someone's will with hypnosis, and the extent to which you believe a subject may be "controlled" by a hypnotist, once induced.

21. Explain, in detail, the exact trance level to which you induce your stage hypnosis subjects, including the subjects' level of compliance, awareness, hallucination, and amnesia.

## II.    **RULE 11 REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, the Plaintiff requests Defendant to produce and permit inspection and copying of the documents listed in this request. The inspection and performance of related acts shall be made at a site agreed upon by the parties, within 30 days of service of this request.

### A.    **DEFINITIONS**

1.    "Agreement" means a contract, arrangement, or understanding, formal or informal, oral or written, between two or more persons.

2.    "Any" means one or more.

3.    "Communication" means any disclosure, transfer, or exchange of information or opinion, however made.

4.    "Document" and "control" have the same meaning previously set forth in the above interrogatories in I).

5.    "Identify" or "identity" means to state or a statement of:

a.    in the case of a person other than a natural person, its name, the address of its principal place of business (including zipcode), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zipcode), that other person's telephone number, and the name of that other person's chief executive officer;

b.    in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

c.    in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

d.    in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

e.    in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

6.    "Including" means including, but not limited to.

7.    "Person" means any natural person, corporation, company, partnership, joint venture, firm, association, proprietorship, agency, board, authority, commission, office or other business or legal entity, whether private or governmental.

8.  "Relating to" means containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

9.  "Relevant time period" means the same as set forth in paragraph I) above.

10.  "You," "your" or "your company" means Synergy Hypnosis as well as your own identity.

11.  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa; and the past tense shall include the present tense where the clear meaning is not distorted. The term "or" shall mean "and" and vice-versa, as necessary to bring within the scope of the following document requests all information or documents that would be excluded absent this definition.

## B.  **INSTRUCTIONS**

1.  Unless otherwise specified, the documents called for by these document requests are documents in your possession, custody or control that were applicable, effective, prepared, written, generated, sent, dated, or received at any relevant time.

2.  Unless otherwise specified, the documents called for by these document requests are limited in scope to those responsive documents relating to supplying, manufacturing, distributing, selling, or advertising or promoting products in the United States. For any paragraph that requests documents relating to supplying, manufacturing, distributing, selling, or advertising or promoting products in any country other than the United States, the documents called for include all documents in your possession, custody or control maintained in both the United States or in any other country.

3.    Pursuant to Fed. R. Civ. P. 26(e), you are under a duty seasonably to supplement any response to this request for production for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

4.    All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than one paragraph or are identical except for the person to whom it is addressed if you indicate the persons or group of persons to whom such documents were distributed. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Please place the documents called for by each paragraph in a separate file folder or other enclosure marked with Defendant's name and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

5.    In producing documents consisting of electronically stored data in machine-readable form in response to any document request, provide such data in a form that does not require specialized or proprietary hardware or software. Data files should be in sequential format, also known as ASCII files or flat files, with the data fields in fixed-column positions. For each data file provided, the following information should be included: a record layout, a short narrative description of the contents of the file, translation of any coded fields, the number of records in the file, and a printout of the first 100 records in report format. A record layout must contain the following pieces of information: name of the field, starting and ending position in the

record, length of the field, and characteristics of the field (e.g., packed decimal, zoned decimal, alphanumeric).

6.    For any document withheld under a claim of privilege, submit a sworn or certified statement from your counsel or one of your employees in which you identify the document by author, addressee, date, number of pages, and subject matter; specify the nature and basis of the claimed privilege and the paragraph of this demand for documents to which the document is responsive; and identify each person to whom the document or its contents, or any part thereof, has been disclosed.

7.    For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter; and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition.

8.    In responding to any document request that calls for documents relating to "any person," or "each person," include information or documents relating to your company, if applicable.

9. Each document that is written in whole or in part in any language other than English or that contains any marginal notations in such a language must be accompanied by a certified verbatim English language translation, and all existing English language versions, of all such writings and notations.

## III.  DOCUMENTS DEMANDED

1.   Any document within your possession or control, which mentions Plaintiff's name, e-mail address, or any other identifying information

2.   Your company's certificate of incorporation, bylaws, rules, regulations, procedures, and any proposed amendments thereto, if any of these documents have been modified, amended or are in any way different from those produced in response to CID No. 13009.

3.   One copy of each annual or other periodic report of your company, separately for your company and each of its divisions or subsidiaries.

4.   A copy of your agreement with the owner/operator of the **Customs Club** website, http://www.customs4u.com.

5.   A copy of all of your business agreements, contracts, and payment records with the model known as Erika Jordan, her company known as EJ Media, and the website known as **Custom Dream Models,** www.customdreammodels.com.

6.   All communications with third parties, incoming or outgoing, by any means or media, concerning Plaintiff, during the relevant time period.

7.   Documents which clarify your exact academic credentials as a hypnotist, and any certifications in hypnosis which you claim, to the public, increase your credibility and capability as a hypnotist.

8.   Any video or audio recordings of any public hypnosis performance of yours, during the relevant time period.[4]

9.   Any written communications with third parties or documents relating to any actual or potential third-party funding of this lawsuit.

---

[4] In anticipation of the garden-variety harassment and stalking allegations which this request will no doubt provoke, Plaintiff notes that Defendant has released numerous videos of her performances for anyone, including Plaintiff, to download.  This would be "nothing new" other than its potential for relevant evidence to be yielded.

10.   Financial statements for up to the past three years for any business for which you were a principal of a corporation, partnership, or a sole proprietor.

### III.  <u>RULE 11 REQUEST FOR ADMISSIONS</u>

Plaintiff hereby requests, pursuant to Rule 36 of the Federal Rules of Civil Procedure, that Defendant Jacqueline Faye Goldhagen, admit the truth of the matters set forth in this Request for Admissions (the "Request"),

The following definitions and instructions shall apply to each and every part of this Request as if fully set forth therein:

### A.   <u>DEFINITIONS</u>

1.   "Plaintiffs" shall mean Starbucks Corporation and Starbucks U.S. Brands, Corporation and any of their officers, directors, employees, agents and representatives and all persons acting or purporting to act on their behalf.

2.   Unless otherwise specified in this paragraph III), any terms previously defined, shall have the same meaning as set forth in I-II above.

3.   "Complaint" shall mean the Complaint in this action dated July 2, 2001.

4.   "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5.   "Document" and "documents" are used in the broadest permissible sense under the Federal Rules of Civil Procedure and shall include, without limitation, tangible things and all written, typewritten, recorded (including audio or videotape or both), graphic, photographic (including negatives), facsimile transmissions, or computerized materials in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access and

14

every copy of such document which contains any commentary or notation not appearing in the original.

6. "Person" shall mean any natural person or any business, legal or governmental entity or association.

7. "Entity" shall mean any company, corporation, partnership, union, joint venture, sole proprietorship, association, government agency, organization or any other similar type of group through which business is conducted, or any director, officer, employee or agent thereof.

8. "Concerning" shall mean relating to, referring to, describing, evidencing or constituting.

9. "Relate to" and "relating to" shall mean and include any information concerning, comprising, identifying, summarizing, evidencing, containing, discussing, mentioning, describing, reflecting, comparing, analyzing, memorializing or pertaining in any way to the subject matter of the discovery request in which such term is used.

10. "All" and "each" shall be construed as all and each.

11. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

12. Singular forms of any noun or pronoun shall embrace and be read to include the plural as the context may make appropriate.

13. Masculine forms of any noun or pronoun shall embrace and be read to include the feminine or neuter, as the context may make appropriate.

## B.    <u>INSTRUCTIONS</u>

1.      Each matter is admitted unless, within 30 days after service of this Request, Defendant serves a written answer or objection addressed to the matter, signed by Defendant or its attorney.

2.      If objection is made, the reasons therefore shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why Defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify an answer or deny only a part of the matter of which an admission is requested, it shall specify so much of it as is true and qualify or deny the remainder.

3.      Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless it states that it has made reasonable inquiry and that information known or readily obtainable by it is insufficient to enable it to admit or deny.

4.      If Defendant does not admit an item, it shall:

    a. Produce to Plaintiffs all documents concerning the requested admission in its possession, custody or control;

    b. State, with particularity, the factual basis upon which its response is based; and

    c. Identify each and every person with knowledge of the requested admission.

5.      These requests for admissions are continuing. Defendant shall promptly supply by way of supplemental responses any and all additional information that may become known prior to any hearing in or trial of this action.

## C.   REQUESTS FOR ADMISSION

1.      ADMIT that you were born on May 15, 1981.

2.    ADMIT that, during all relevant times, you were aware that your ***CustomsClub*** page (as referenced in the pleadings) at www.customs4u.com was actively using your name and likeness to market you as an independent producer of "custom, adult fetish videos."

3.    ADMIT that, at least once during the past four calendar years, you have produced a custom video for ***CustomDreamModels.com***.

4.    ADMIT that you are not now, and never have been, in any fear of physical harm or direct physical contact from Plaintiff.

5.    ADMIT that, at no time in the past or present, have you ever believed, or had reason to believe, that Plaintiff suffers from pedophilia, or "is a pedophile."

6.    ADMIT that, at no time in the past or present, have you ever believed, or had reason to believe, that Plaintiff would author an essay in which he signed his own name and wrote, in the essay, that he was a contract killer willing to rape, torture, and murder underage gymnasts.

7.    ADMIT that you are, and have been, fully aware that hypnotists are unregulated in California and Nevada, and are not certified by the medical boards of either state.

8.    ADMIT that you believe that it is possible to break someone's will with hypnosis, if one is talented enough at hypnosis, and has the right subject in the right conditions.

9.    ADMIT that, at the time you accepted his CustomsClub offer, that you were aware that Plaintiff wanted a "sexy PG-13" hypnosis video, or a video consistent with the "sexy" offerings of CustomsClub, any secondary therapeutic purpose for the video notwithstanding.

10.    ADMIT that, a) on or around June 7, 2015, you threatened Plaintiff with litigation, and that b) prior to June 7, 2015, Plaintiff had never threatened to sue you for anything.

11.    ADMIT that, on or around June 5, 2015, you e-mailed Plaintiff four times after he requested by e-mail that you cease all contact with him.

12.   ADMIT that, on or around June 12, 2015, you contacted Plaintiff directly by e-mail, in which you stated that you had "tried to call him."

This the 24th day of September, 2015

Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA 19104
(267) 298-1257
SnodgrassPublish@aol.com
**PLAINTIFF**

18

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYVLANIA

|  |  |
|---|---|
| **GORDON ROY PARKER,**<br><br>**Plaintiff**<br><br><br>**v.**<br><br>**JACQUELINE FAYE GOLDHAGEN,**<br><br>**Defendant** | Case No:   15-cv-3304-TON |

## <u>CERTIFICATE OF SERVICE</u>

I, Gordon Roy Parker, Plaintiff in the above-styled action, hereby certify that I have served,

by regular mail and e-mail, a true and correct copy of **Plaintiff's Motion For Rule 11 Discovery**

on defense counsel of record as follows:

> Gary Green, Esq.
> Sidkoff Pincus & Green
> 1100 Market, 27th Floor
> Philadelphia, PA  19107-3601
> gg@greatlawyers.com

This the 21st day of September, 2015.

Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA 19104
(267) 298-1257
SnodgrassPublish@aol.com
PLAINTIFF